IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES BLAYLOCK,<br><br>                   Petitioner,<br><br>    vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>                   Respondent. | No. 3:20-cv-00191-JKS<br><br>ORDER OF DISMISSAL |

On July 31, 2020, James Blaylock, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Blaylock challenges the 2015 judgment of conviction following his guilty plea entered by the Superior Court for the State of Alaska, Case Number 3AN-13-13129CR, on the grounds that: 1) he received ineffective assistance from plea counsel; 2) the prosecution threatened him into accepting the plea bargain; 3) he was deprived of his constitutional right to a speedy trial; and 4) he is unconstitutionally confined and has been subjected to excessive sentencing. *Id.* at 5-10.

After reviewing the Petition and the state court dockets, this Court issued an Order to Show Cause ("OSC") on August 18, 2020, directing Blaylock to file a Response addressing the facial untimeliness of the Petition and whether there are grounds for equitable tolling. Docket No. 4. The OSC explained why the Petition was facially untimely and why the statutory tolling

available did not render it timely. *Id.* at 2-3. The OSC laid out the equitable tolling doctrine and expressly directed Blaylock to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness. *Id.* at 4-6. Blaylock responded to the OSC on August 31, 2020. Docket No. 5. In his Response, Blaylock did not address the timeliness or tolling issues, and instead reiterated allegations already made in his complaint.

The Court has considered the Petition, the record, and Blaylock's Response and must conclude that dismissal of this action with prejudice is warranted due to untimeliness. The Court takes judicial notice[1] that the state court record shows that Blaylock was convicted on April 3, 2015. *See* https://records.courts.alaska.gov/ (*State v. Blaylock*, 3AN-13-13129CR). The records of the Alaska state courts indicate that Blaylock did not appeal his conviction. Because Blaylock did not file a direct appeal, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 30 days after his conviction when, on May 4, 2015, the time for filing such appeal expired. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). The one-year period under the AEDPA in which to file a federal petition for habeas relief thus expired on May 4, 2016. It appears that, after his conviction became final, Blaylock did not litigate any challenge to his conviction until July 19, 2020, when he attempted to file a petition for hearing in the Alaska Supreme Court, which the Supreme Court refused to accept for filing because Blaylock did not first appeal his conviction in the Alaska Court of Appeals. Docket No. 1-4. Because the July 2020 petition for hearing was filed more than four years after the deadline for Blaylock to file a federal habeas petition had expired, it did not serve to restart the statute of

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

-2-

limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the one-year habeas statute of limitations does not restart where that period ends before petitioner's state petition for post-conviction relief is filed).[2] It therefore appears that Blaylock's Petition is facially untimely. Because Blaylock has not provided any argument to the contrary, nor has he alleged facts that would support the application of equitable tolling, his Petition must be dismissed with prejudice as untimely. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("[W]hile the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

**IT IS THEREFORE ORDERED:**

1. The Petition is DISMISSED WITH PREJUDICE for untimeliness.

2. All pending motions are DENIED as moot.

3. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 14th day of September, 2020.

                                                                 s/James K. Singleton, Jr.
                                                                  JAMES K. SINGLETON, JR.
                                                                  Senior United States District Judge

---

[2] Moreover, the petition for hearing was not "properly filed" in state court and thus would not have tolled the one-year AEDPA time period in any event. *See Mardesich*, 668 F.3d at 1169.